# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO GUACHE VALDEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br>Respondent. | Case No. 1:26-cv-04460-JLT-SAB-HC<br>ORDER CONSTRUING MOTION TO AMEND AS MOTION TO SUPPLEMENT AND GRANTING MOTION TO SUPPLEMENT<br>(ECF No. 13)<br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND SUPPLEMENT<br>(ECF Nos. 1, 14) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND[1]

Petitioner is a citizen of Cuba who entered the United States in approximately May 2022 and was not encountered or processed by federal immigration officials. On April 24, 2025, Petitioner was arrested for petty theft. On October 24, 2025, Petitioner was arrested for alien smuggling.[2] Petitioner was detained by Immigration and Customs Enforcement ("ICE") on October 24, 2025. Valdez v. Warden, California City Corr. Ctr., No. 2:26-CV-01242-JLT-SAB, 2026 WL 1102976, at *1 (E.D. Cal. Apr. 23, 2026).

[1] Given that the pleadings in the instant matter lack certain details regarding the factual and procedural background, the Court also relies on Petitioner's earlier-filed habeas case for this summary.

[2] At the time of Petitioner's earlier-filed habeas case, these criminal matters were still pending. Valdez v. Warden, California City Corr. Ctr., No. 2:26-CV-01242-JLT-SAB, 2026 WL 1102976, at *1 (E.D. Cal. Apr. 23, 2026). It is unclear whether the cases are still pending. (ECF No. 1 at 4.)

On April 1, 2026, Petitioner filed his first petition for a writ of habeas corpus, and on April 23, 2026, the Court granted the petition and ordered that Petitioner be provided with a bond hearing in accordance with 8 U.S.C. § 1226(a) within fourteen days. Valdez, 2026 WL 1102976, at *1, 2.

On June 2, 2026, Petitioner filed a second petition for writ of habeas corpus and a motion for temporary restraining order. Petition and Motion, Valdez v. Warden, No. 1:26-cv-04226-JLT-SAB (E.D. Cal. June 2, 2026), ECF Nos. 1, 2. On June 5, 2026, the Court dismissed the matter as duplicative and/or moot, stating:

> This case, filed June 2, 2026, has been initiated by the same Petitioner . . . who initiated a prior action, 2:26-cv-01242-JLT-SAB, which reached judgment on April 23, 2026, and in which the Court ordered Respondents to provide Petitioner with a bond hearing. In the present case, Petitioner indicates that, despite receiving a bond hearing, "the process he received was fundamentally defective and failed to cure the initial due process violation of his detention without a pre-deprivation hearing." (Doc. 1 at 2.) The Court is unpersuaded by his attempt to argue as separate an identical constitutional injury previously addressed by this Court - that the Government violated his Fifth Amendment rights by arresting and detaining him without providing a pre-deprivation notice and hearing.

Order, Valdez, No. 1:26-cv-04226-JLT-SAB (E.D. Cal. June 5, 2026), ECF No. 7.

On June 10, 2026, Petitioner filed a third petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On June 15, 2026, Respondents filed a response. (ECF No. 6.) On July 7, 2026, the assigned district judge denied the motion for TRO as untimely. (ECF No. 9.) On July 13, 2026, Petitioner filed a traverse. (ECF No. 11.) On August 24, 2026, Petitioner filed a motion to amend and lodged a first amended petition. (ECF Nos. 13, 14.) On August 25, 2026, the motion to amend was referred to the undersigned. (ECF No. 16.)

## II.

## DISCUSSION

### A. Motion to Amend

Petitioner has moved to amend the petition to present "the Court with the current duration and consequences of detention." (ECF No. 13 at 1.[3]) "The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by

[3] Page numbers refer to ECF page numbers stamped at the top of the page.

§ 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11[.]" Mayle v. Felix, 545 U.S. 644, 655 (2005). Rule 15(a)(2) allows pleading amendments with "leave of court" at any time during a proceeding. Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

The Court construes the motion to amend as a motion to supplement. See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) ("[T]he district court must construe pro se habeas filings liberally."); Castro v. United States, 540 U.S. 375, 381–82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis"). The Court finds that supplementation should be permitted.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters[.]" Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "Under our caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, we examine whether the denial of the motion effectively disposes of a claim or defense or precludes the ultimate relief sought." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015). A "magistrate judge's decision to *grant* a motion to amend is not generally dispositive[.]" Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015). Here, granting Petitioner's motion to supplement does not dispose of a claim or defense or preclude the ultimate relief sought.

Accordingly, the Court grants Petitioner's motion to supplement and will consider the supplement (ECF No. 14) along with the original petition, Respondent's response, and Petitioner's traverse.

**B. Prolonged Detention**

In Count One of the petition and supplement, Petitioner asserts that his prolonged detention violates the Fifth Amendment. (ECF No. 1 at 5–6; ECF No. 14 at 4–5.) In Count Two of the petition, Petitioner asserts that his continued detention is without current and adequate justification. (ECF No. 1 at 6–7.) In Count Two of the supplement, Petitioner asserts that continued secured detention is excessive. (ECF No. 14 at 5.) The Court construes the petition and supplement as raising both procedural due process and substantive due process claims with respect to Petitioner's prolonged immigration detention. See Allen, 408 F.3d at 1153 ("[T]he district court must construe pro se habeas filings liberally.").

1. Procedural Due Process

"The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration. Section 1226(a) offers substantial procedural protections to detained persons," and the Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process[.]" Rodriguez Diaz, 53 F.4th at 1193, 1213. In Rodriguez Diaz, the Ninth Circuit rejected the petitioner's prolonged detention due process claim and held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) hearing was held. Id. at 1203–14. Although Rodriguez Diaz did "not foreclose all as-applied challenges to § 1226(a)'s procedures," Petitioner does not demonstrate that his case is distinguishable from Rodriguez Diaz. Id. at 1213. Accordingly, the Court recommends finding that Petitioner is not entitled to relief on his prolonged detention procedural due process claim.

2. Substantive Due Process

"As an initial matter, the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." United States v. Salerno, 481 U.S.

739, 746 (1987) (citing Bell v. Wolfish, 441 U.S. 520, 537 (1979)). "A due process violation occurs when detention becomes punitive rather than regulatory, meaning there is no regulatory purpose that can rationally be assigned to the detention or the detention appears excessive in relation to its regulatory purpose." United States v. Torres, 995 F.3d 695, 708 (9th Cir. 2021) (citing Salerno, 481 U.S. at 747). "The point at which detention constitutes a due process violation requires a case-by-case analysis." Torres, 995 F.3d at 708 (citing United States v. Gelfuso, 838 F.2d 358, 359–60 (9th Cir. 1988)).

This Court has previously looked at the following three factors to determine whether an immigration detainee subject to prolonged detention is entitled to relief under the Fifth Amendment's substantive due process clause: "(1) length of detention and whether it is excessive in relation to its regulatory purpose; (2) evidence supporting the determination that detention is warranted to prevent flight risk or community danger; and (3) conditions of confinement." Shafaq v. Warden, California City Corr. Facility, No. 1:26-CV-00299 JLT SKO, 2026 WL 1785249, at *5 (E.D. Cal. June 22, 2026) (citing Espinoza v. Wofford, No. 1:24-CV-01118-SAB-HC, 2025 WL 1556590, at *7–11 (E.D. Cal. June 2, 2025)).

**a. Length of Detention**

In the context of criminal pretrial detention, the Ninth Circuit has observed, "It is undisputed that at some point, pretrial detention can 'become excessively prolonged, and therefore punitive,' resulting in a due process violation." Torres, 995 F.3d at 708 (quoting Salerno, 481 U.S. at 747 n.4). Torres held that the twenty-one-month detention due to the COVID-19 pandemic and related courthouse closures did not violate due process, but the Ninth Circuit "caution[ed] that the length of Torres's detention is approaching the limits of what due process can tolerate" and noted that "all parties agree that at some point, regardless of the risks associated with Torres's release, due process will require that he be released if not tried." Torres, 995 F.3d at 709, 710 (citing United States v. Briggs, 697 F.3d 98, 103 (2d Cir. 2012) ("There is no bright-line limit on the length of detention that applies in all circumstances; but for every of set of circumstances, due process does impose some limit.")). In the immigration detention context, the Ninth Circuit has stated that "[a]s a general matter, detention is prolonged when it

has lasted six months and is expected to continue more than minimally beyond six months." Diouf v. Napolitano, 634 F.3d 1081, 1092 n.13 (9th Cir. 2011).

The Ninth Circuit has upheld an immigration detainee's detention that lasted forty-one months and would continue while the petitioner's petition for review was pending in the Ninth Circuit. Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008). This Court has held that a petitioner's "detention of twenty-one months is not excessively prolonged to find a substantive due process violation," Shafaq v. Warden, California City Corr. Facility, No. 1:26-CV-00299 JLT SKO, 2026 WL 1785249, at *8 (E.D. Cal. June 22, 2026), and a petitioner's "thirty-month detention, during which Petitioner received an individualized bond hearing before an immigration judge where the government had the burden of justifying his continued detention by clear and convincing evidence, without more, does not violate Petitioner's substantive due process rights," Espinoza v. Wofford, No. 1:24-CV-01118-SAB-HC, 2025 WL 1556590, at *10 (E.D. Cal. June 2, 2025). Here, Petitioner has been detained for approximately twelve months. Accordingly, the Court recommends finding that the length of detention does not weigh in favor of Petitioner.

**b. Danger and Flight Risk**

With respect to danger and flight risk, the Court reviews the immigration judge's ("IJ") determination for an abuse of discretion. Shafaq, 2026 WL 1785249, at *6. Under that standard, "we cannot reweigh evidence ... [but] can [only] determine whether the [IJ] applied the correct legal standard." Martinez, 124 F.4th at 784, 785 (last alteration added) (internal quotation marks omitted) (quoting Konou, 750 F.3d at 1127).

> To determine whether an alien is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent. *Guerra*, 24 I. & N. Dec. at 40. The nine factors an IJ "may" consider "include any or all of the following:"
>
> > (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee

> prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.
>
> *Id.* And "[t]he *Guerra* factor most pertinent to assessing dangerousness" is "the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Singh*, 638 F.3d at 1206 (quoting *Guerra*, 24 I. & N. Dec. at 40).

Martinez, 124 F.4th at 783.

> Generally, in the absence of any red flags, we take the BIA at its word. For example, "[w]hen nothing in the record or the BIA's decision indicates a failure to consider all the evidence," we will rely on the BIA's statement that it properly assessed the entire record. *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). We do not require the BIA to "discuss each piece of evidence submitted." *Id.* Similarly, we accept that the BIA "applied the correct legal standard" if the BIA "expressly cited and applied [the relevant caselaw] in rendering its decision." *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009). But when there is an indication that something is amiss, like if the BIA "misstat[es] the record" or "fail[s] to mention highly probative or potentially dispositive evidence," we do not credit its use of a "catchall phrase" to the contrary. *Cole*, 659 F.3d at 771-72.

Martinez, 124 F.4th at 785.

Here, in denying bond, the IJ stated:

> The Court found Respondent to be a danger to the community and flight risk. Respondent has the following criminal history, June 2024 driving without a license, September 2024 arrested for grand theft, October 2024 driving while suspended license, grand theft and battery, November 2024 battery of detainee, and April 26, 2026 assaulting staff member at California City Detention Center. Respondent has unknown family ties, unknown sponsor and no relief applications pending.

(ECF No. 6-1 at 1.)

An "IJ's failure to consider or apply any of the *Guerra* factors and decision to instead rely on . . . evidence that 'bear little if any relevance' to Petitioner's risk of flight, while seemingly ignoring all evidence in Petitioner's favor constitutes a misapplication of the legal standard to the facts." Perez Velasquez v. Bondi, No. 26-CV-01759-GPC-DDL, 2026 WL 1042479, at *6 (S.D. Cal. Apr. 16, 2026) (quoting Matter of Patel, 15 I. & N. Dec. 666, 666–67 (BIA 1976)). Here, the IJ properly considered Petitioner's criminal history, Petitioner's family and community ties, and the likelihood of relief from removal. See Matter of R-A-V-P-, 27 I. & N. Dec. 803, 805 (BIA 2020) ("The Immigration Judge may also consider the likelihood that relief from removal will be granted in determining whether an alien warrants bond."). Further, Petitioner does not assert that the IJ ignored favorable evidence proffered by Petitioner during his

bond hearing. "Because the IJ . . . w[as] entitled to place some weight on the [factors] in their analysis . . . , the Court generally lacks jurisdiction to review whether they placed too much." Kharis v. Sessions, No. 18-CV-04800-JST, 2018 WL 5809432, at *8 (N.D. Cal. Nov. 6, 2018). Accordingly, the Court recommends finding that the second factor does not weigh in favor of Petitioner.

**c. Conditions of Confinement**

> "[A] civil detainee awaiting adjudication is entitled to conditions of confinement that are not punitive." *Jones v. Blanas*, 393 F.3d 918, 933 (9th Cir. 2004). "[A] restriction is 'punitive' where it is intended to punish, or where it is 'excessive in relation to its non-punitive purpose,' or is 'employed to achieve objectives that could be accomplished in so many alternative and less harsh methods.' " *Id.* at 933–34 (alteration accepted) (first quoting *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004); and then quoting *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1484 (9th Cir. 1993)). But "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' " *Wolfish*, 441 U.S. at 539, 99 S.Ct. 1861.

Fraihat v. U.S. Immigr. & Customs Enf't, 16 F.4th 613, 647 (9th Cir. 2021) (first alteration added).

In Jones v. Blanas, 393 F.3d 918, (9th Cir. 2004), the Ninth Circuit held:

> With respect to an individual confined awaiting adjudication under civil process, a presumption of punitive conditions arises where the individual is detained under conditions identical to, similar to, or more restrictive than those under which pretrial criminal detainees are held, or where the individual is detained under conditions more restrictive than those he or she would face upon commitment.

Jones, 393 F.3d at 934. However, in Fraihat, which addressed whether ICE's COVID-19 policies reflected unconstitutional punishment under the Fifth Amendment, the Ninth Circuit observed that "*Jones* announced the foregoing comparative presumption in the context of a California state prisoner who was civilly detained and awaiting proceedings under California's Sexually Violent Predator Act" and "Plaintiffs have not identified authority from this Court extending *Jones*'s presumption to the context of federal immigration detainees." Fraihat, 16 F.4th at 648. The Ninth Circuit further observed that there is "no support in our cases for applying *Jones*'s presumption about comparative 'conditions' of confinement to the government's continued *ability* to confine persons pursuant to lawful authority." Id. at 649. Although Fraihat "assum[ed] without deciding that it would be appropriate to invoke that presumption in the immigration context," the Court

declines to invoke the presumption here because, as noted by the Ninth Circuit, "different government interests are at stake" in the immigration context. Fraihat, 16 F.4th at 648.

The petition states that "Petitioner suffers from hemorrhoids, a medical condition that requires ongoing care, which is difficult to manage adequately while in detention." (ECF No. 1 at 4.) The supplement states that the hemorrhoids "have worsened during confinement" and "Petitioner has experienced difficulty receiving adequate and consistent treatment." (ECF No. 14 at 2, 4.) In Shafaq, this Court found "the conditions of confinement do not significantly weigh in Petitioner's favor" where the petitioner was diagnosed with an inguinal hernia, his scheduled surgery was canceled, and he submitted a letter from a doctor stating that if left untreated, the herniated abdominal contents may become trapped and compromise blood supply to the entrapped tissue leading to tissue death, and that, if not properly managed, the hernia could result in bowel obstruction, perforation, sepsis, and even death. Shafaq, 2026 WL 1785249, at *9. The Court stated that "[a]lthough Petitioner's inadequate access to medical care is deeply concerning, the facts in the record do not rise to the level of a constitutional violation necessitating Petitioner's immediate release." Id. at *10. Accordingly, the Court recommends finding that the conditions of confinement factor does not weigh in favor of Petitioner.

On balance of all three factors, the Court recommends finding that Petitioner is not entitled to relief on the substantive due process claim.

## III.

## ORDER & RECOMMENDATION

Petitioner's motion to amend (ECF No. 13) is construed as a motion to supplement and the motion to supplement is GRANTED.

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus and supplement (ECF Nos. 1, 14) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file

written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 15, 2026**

STANLEY A. BOONE
United States Magistrate Judge