**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO GUACHE VALDEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br>Respondent. | Case No. 1:26-cv-04460 JLT SAB<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br>(Doc. 22) |

Alejandro Gauche Valdez is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention as a violation of due process. (*See* Docs. 1, 14.) The magistrate judge noted that Petitioner received a bond hearing, and the immigration judge denied bond. (Doc. 22 at 8; *see also* Doc. 6-1 [IJ order].) The magistrate judge found that Petitioner failed to show he suffered a due process violation based upon the duration of his detention. (*Id.* at 4, citing *Rodriguez Diaz v Garland*, 53 F.4th at 1193, 1213 (9th Cir. 2022). (*Id.*) In addition, the magistrate judge found Petitioner did not establish a violation for a substantive due process violation after considering the length of Petitioner's detention, evidence related to flight risk or community danger, and conditions of confinement. (*Id.* at 4-9.) Thus, the magistrate judge recommended the Court deny the petition. (*Id.* at 9.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 22 at 9.) The Court advised the parties that the

"failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 10, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Significantly, Petitioner fails to show that his detention since the bond hearing previously ordered has become unreasonably prolonged. *See Rodriguez Diaz*, 53 F.4th at 1207 (identifying the relevant period as the "months following [the] first bond hearing" when considering whether detention qualifies as prolonged for purposes of evaluating whether to order a second bond hearing). In addition, Petitioner failed to show the factors identified by the magistrate judge weighed in favor of granting relief for the substantive due process violation. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated October 16, 2026 (Doc. 22) are **ADOPTED** in full.
2. The petition for writ of habeas corpus and the supplement (Docs. 1, 14) are **DENIED.**
3. The transfer restrictions imposed on June 12, 2026 (Doc. 5) are **LIFTED**.
4. The Clerk of Court is directed to terminate any pending matters (Docs. 18, 21) as moot and close the case.

IT IS SO ORDERED.

Dated: November 15, 2026

UNITED STATES DISTRICT JUDGE